# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-3373

_____

Eugene Scalia,

*Petitioner*

v.

Red Lake Nation Fisheries, Inc.,

*Respondent*

_____

Appeal from the Occupational Safety and Health Review Commission

_____

Submitted: October 22, 2020
Filed: December 4, 2020

_____

Before BENTON, SHEPHERD and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Red Lake Nation Fisheries, Inc. received two citations under the Occupational Safety and Health Act, 29 U.S.C. §§ 651-78. The Occupational Safety and Health Review Commission dismissed them. The Secretary of Labor appeals. Having jurisdiction under 29 U.S.C. § 660(b), this court denies the petition for review.

The Fishery operates on the Red Lake Indian Reservation in Minnesota. The Fishery is organized under tribal law. All employees are members of the Red Lake

Band of Chippewa Indians. Only members of the tribe own shares in the Fishery. The Fishery sells fish and fish-related products online, through retail outlets off the reservation, and directly at the Fishery's plant on the reservation.

On November 6, 2017, a Fishery boat capsized on the reservation in Lower Red Lake. Two employees drowned. OSHA inspectors entered the reservation. OSHA issued the Fishery two citations: (1) failure to require use of personal flotation devices under 29 C.F.R. § 1910.132(a); (2) failure to report death of an employee within eight hours under 29 C.F.R. § 1904.39(a)(1). OSHA proposed a total penalty of $15,521. The Fishery contested the citations and the proposed penalty. The Secretary of Labor filed a complaint with the OSH Review Commission. The Fishery moved to dismiss. On August 6, 2019, the ALJ granted the motion to dismiss, characterizing it as a motion for summary judgment, relying on Eighth Circuit law.

The Secretary of Labor argues the ALJ erred because the OSH Act applies to tribal businesses unless Congress says otherwise—a question of law this court reviews *de novo*. **Yankton Sioux Tribe v. Podhradsky**, 606 F.3d 994, 1004 (8th Cir. 2010).

"[G]eneral Acts of Congress apply to Indians as well as to all others in the absence of a clear expression to the contrary." **Federal Power Comm'n v. Tuscarora Indian Nation**, 362 U.S. 99, 120 (1960). *See generally* **United States v. Wadena**, 152 F.3d 831, 841-42 (8th Cir. 1998) (applying *Tuscarora* to criminal law); **Holt v. Comm'r of Internal Revenue**, 364 F.2d 38, 40 (8th Cir. 1966) (applying *Tuscarora* to tax law); **United States v. Red Lake Band of Chippewa Indians**, 827 F.2d 380, 383 (8th Cir. 1987) (holding tribal courts are not exempt from executive agency record requirements).

"This general rule in *Tuscarora*, however, does not apply when the interest sought to be affected is a specific right reserved to the Indians." **EEOC v. Fond du Lac Heavy Equip. & Constr. Co.,** 986 F.2d 246, 248 (8th Cir. 1993). Treaty rights

are a prime example. ***United States v. Winnebago Tribe of Nebraska***, 542 F.2d 1002, 1005 (8th Cir. 1976). "Specific Indian rights will not be deemed to have been abrogated or limited absent a 'clear and plain' congressional intent." ***Fond du Lac***, 986 F.2d at 248, *citing* ***United States v. Dion***, 476 U.S. 734, 738 (1986). "[A]reas traditionally left to tribal self-government, those most often the subject of treaties, have enjoyed an exception from the general rule that congressional enactments, in terms applying to all persons, includes Indians and their property interests." ***Id.***

*Fond du Lac* involved a "strictly internal matter" of a "dispute . . . between an Indian applicant and an Indian tribal employer," which the EEOC considered a violation of the Age Discrimination in Employment Act. ***Id.*** at 249. The business was located on the reservation; the applicant was a member of the tribe. ***Id.*** This court held: "Subjecting such an employment relationship . . . to federal control and supervision dilutes the sovereignty of the tribe." ***Id.*** "Federal regulation of the tribal employer's consideration of age . . . interferes with an intramural matter that has traditionally been left to the tribe's self-government." ***Id.*** *Fond du Lac* cited approvingly *Donovan v. Navajo Forest Products Industries*, 692 F.2d 709, 712 (10th Cir. 1982). Most important to the case here, this court characterized *Donovan* as *similarly* holding "OSHA [] inapplicable to tribe[s] in part because enforcement 'would dilute the principles of tribal sovereignty and self-government recognized in the treaty.'" ***Id.***, *citing* ***Donovan***, 692 F.2d at 712. *Fond du Lac* declined the narrower view of tribal sovereignty adopted in *Smart v. State Farm Ins.*, 868 F.2d 929, 935 (7th Cir. 1989) (later superseded by statute, see *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 827 (7th Cir. 2016)) and *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1116 (9th Cir. 1985). *See also* ***Reich v. Mashantucket Sand & Gravel***, 95 F.3d 174, 178 (2d Cir. 1996); ***Menominee Tribal Enters. v. Solis***, 601 F.3d 669, 670-71 (7th Cir. 2010).

For a statute of general applicability to apply to Indian self-government, this court looks for either an "explicit statement of Congress" or "evidence of congressional intent to abrogate . . . in the legislative history of a statute." ***Dion***, 476 U.S. at 739-40. *Fond du Lac* found no congressional abrogation because the only

evidence of intent was the similar definitions of "employer" in the Age Discrimination in Employment Act and Title VII of the Civil Rights Act. *Fond du Lac*, 986 F.2d at 250. The court said this evidence does not meet the "clear and plain intent" requirement, in part because "ambiguities of congressional intent must be resolved in favor of the tribal sovereignty." *Id.*, *citing* **Cotton Petroleum Corp. v. New Mexico**, 490 U.S. 163, 178 (1989).

*Fond du Lac* controls this case. First, both deal with conduct of employees who are tribe members and commercial businesses organized under tribal law, located on tribal land. Second, both the ADEA and OSHA define "employer" to exclude "the United States, a corporation wholly owned by the Government of the United States, or a State or political subdivision thereof." *Compare* **29 U.S.C. § 630(b)** *with* **29 U.S.C. § 652(5)** ("[A] person engaged in a business affecting commerce who has employees, but does not include the United States . . . or any State or political subdivision of a State."). Both statutes do not mention Indian commerce. The Fishery's case is stronger than the Fond du Lac employer's. The Fishery has an explicit treaty right to fish that OSH regulations would encumber, see *United States v. White*, 508 F.2d 453, 456-57 (8th Cir. 1974), while the Fond du Lac employer had only a general right to self-govern on purely intramural affairs. *See* **Fond du Lac**, 986 F.2d at 248. *See also* **United States v. Brown**, 777 F.3d 1025, 1031 (8th Cir. 2015) (suggesting the treaty right to fish is construed broadly).

Finally, "[i]t is difficult to overstate the differences between the Red Lake Reservation and nearly all other Indian reservations." **Nord v. Kelly**, 520 F.3d 848, 857 (8th Cir. 2008) (Murphy, J., concurring). "It has retained much of the autonomy and sovereignty that existed on all reservations." *Id.* "Red Lake [is] perhaps the most insular and nonintegrated reservation in the United States; it has also preserved for the band an independence not experienced on other reservations." *Id.* Even if OSHA applied to Indian activities in other circumstances, OSHA does not apply to

an enterprise owned by and consisting solely of members of perhaps the most insular and independent sovereign tribe.[1]

* * * * * * *

The petition for review is denied.

_____

---

[1] The Secretary of Labor discusses the general right to exclude, which this court need not decide.